## Hiram Harrington et al. v. Josiah Upton et al.

*Executions—Bill in aid of—Validity of mortgage—Foreclosure—Equity jurisdiction.*

1. Where judgment creditors file a bill in aid of execution, and join as defendants *prior* attaching creditors, who have levied upon the land to satisfy the judgment rendered in the attachment suit, and who also hold a mortgage upon the property having priority over complainants' lien, and who in their answer claim the benefit of a cross-bill, and pray for the foreclosure of their mortgage, a statutory foreclosure of which was enjoined in said suit at the instance of complainants, the court on dismissing the bill should decree such foreclosure.

2. A mortgage executed by a debtor to secure his creditor for his debt, and also to secure a debt due another creditor, which the mortgagee agrees to pay, is not in fraud of other creditors.[1]

Appeal from Gratiot.  (Hart, J.)  Argued October 17, 1889.  Decided November 15, 1889.

Bill in aid of executions.  Complainants appeal from decree dismissing bill.  Affirmed.  The facts are stated in the opinion.

*C. J. Willett, J. K. Wright,* and *B. H. Scovill,* for complainants.

*C. W. Giddings* (*Newell Leonard,* of counsel), for defendants.

*William A. Bahlke,* special solicitor for defendant Kinter.

[The briefs of counsel are mainly confined to a discussion of the testimony.—Reporter.]

---

[1] See *Gore v. Ray,* 73 Mich. 385 (head-note 3), for an important case touching this subject.

LONG, J. The bill was filed in this cause in aid of executions, to set aside a certain deed and mortgage.

It is claimed by the bill that complainants Harrington and Saviers, on November 7, 1884, obtained judgment before a justice of the peace against defendant Johnson and one Thomas J. Lyon for $189.68, and $5.55 costs; that on · the same day complainants Harrington and Saviers also had judgment before the same justice against defendant Johnson and said Lyon and one Aciel F. Wright for $183.76, and $6 costs of suit; that on the same day complainants Harrington and Saviers also had judgment before a justice of the peace against defendant Johnson and said Lyon for $202.97, and $5.55 costs; and also judgment against defendant Johnson, Wright, and Lyon for $153.21, and $6 costs; that on November 21, 1884, transcripts of these several judgments were filed in the Gratiot circuit court, and on the same day executions were issued thereon, and duly levied upon the north-west quarter of section 6, town 12 north, of range 3 west, Gratiot county, Michigan; notices of these levies being duly filed in the register's office on November 25, 1884.

The bill also alleges that the complainant Case, on March 28, 1885, obtained judgment in the circuit court for Gratiot county against defendant Johnson and one Myron F. Frost for $249.77, and $23 costs of suit; and also another judgment in the same court against defendant Johnson and Thomas J. Lyon for $206.87, and $24.57 costs; that executions were issued on each of said judgments on April 15, 1885, and levied on the same day, on the land hereinbefore described, notices of such levies being duly filed.

The bill further alleges that on May 1, 1885, and for more than five years prior thereto, defendant Johnson had title to said described land.

It is further alleged that Darragh & Co., on October 3, 1884, commenced suit by attachment against defendant Johnson and Thomas J. Lyon, and levied such writ on the premises before described, and that afterwards judgment was rendered in such case for $523.77, and $28.49 costs. Execution was issued and levied on said lands, December 10, 1884.

It is further alleged that on September 9, 1884, defendant Johnson made, executed, and delivered to defendant William H. Kinter a mortgage upon said premises for the sum of $2,500 payable on or before three years from date, and that said mortgage was duly recorded on said day, and that on February 8, 1886, Kinter assigned this mortgage to defendants Darragh & Co.; such assignment being duly recorded in the register's office of that county; that defendant Johnson was indebted to complainants during that time. It is further alleged, on information and belief, that Johnson executed and delivered this mortgage to Kinter with intent to defraud complainants and his other creditors; that it was made without consideration, and with an understanding and agreement that Kinter should discharge it when requested by Johnson; that Darragh & Co. knew the mortgage was fraudulent, and took the assignment without consideration, and with the intent to foreclose it and cut off the claims of the complainants, obtain title to the premises, and to pay any balance over to Johnson. That, in furtherance of said scheme to defraud the complainants, on April 19, 1887, Johnson deeded said premises to Annie P. Darragh, wife of Archibald B. Darragh, by quitclaim, for the consideration of one dollar; that on April 19, 1887, Darragh & Co. commenced foreclosure proceedings by advertisement under the power of sale contained in the mortgage, and for a sale of the premises on July 16, 1887, and that the mortgage is being foreclosed for the sum of $435.72

claimed to be unpaid interest; that Johnson had no other property liable to execution.

The bill prays that the mortgage and assignment, and the deed to Mrs. Darragh, be set aside, and the foreclosure proceedings and a sale of the premises enjoined.

The defendants filed a joint answer, and admit the judgments of complainants Harrington and Saviers, the taking and filing of the transcripts, and issue and levy of executions thereunder; deny the validity of the first Case judgment in the Gratiot circuit court, and leave the complainants to prove the judgment of Case of April 2, 1885; also deny the validity of the levies under the executions of April 15, 1885; admit the title to the premises was in Johnson on May 1, 1885, and five years prior thereto; also admit the execution and delivery of the mortgage from Johnson to Kinter, and the assignment to Darragh & Co.; allege the validity of the mortgage, and full consideration paid therefor as well as for the assignment.

The answer also denies that at the time the mortgage was executed there was an understanding between Johnson and Kinter that Kinter should, without consideration, assign or discharge said mortgage when requested by Johnson; and alleges that said mortgage was made for the purpose of securing to Kinter the sum of $2,500; that Johnson was indebted to Kinter in the sum of $1,700, for moneys loaned to Johnson prior to and upon the day said mortgage was executed; and that a portion of said sum was loaned prior to the time Johnson indorsed the notes upon which complainants' judgments were rendered.

Defendant Johnson, answering, says that prior to the date of said mortgage he was indebted to Darragh & Co. upon his individual notes, and by way of indorsement, in the sum of about $800; and, being desirous of securing said Darragh & Co., he entered into an agreement with

said Kinter to pay said sum; and Johnson and Kinter, answering, say that at the time of the execution of said mortgage the consideration named therein, and for which said mortgage was given, was $800, due to said Darragh & Co., $1,400, due said Kinter for moneys previously loaned to said Johnson by him, and the payment of the further sum of $300, loaned at the time of the execution of the mortgage, and that said mortgage was made, executed, and delivered in good faith, and for a valuable consideration.

Defendants Darragh & Co. deny that any agreement was made or understanding had that upon their taking such assignment they were to foreclose, pay their claim out of the proceeds, and return any balance to Johnson; but allege that they knew nothing of the execution of the mortgage until some time thereafter, and that subsequently he (said Darragh) had a conversation with Johnson and Kinter, in reference to the giving of the mortgage, and was informed by each of them that it was given for the purpose of securing the payment of the sums due Kinter and Darragh & Co., and Kinter then promised to pay the sum so due Darragh & Co.; that, Kinter failing to so pay said sum, Darragh & Co. purchased from Kinter the said mortgage, and paid Kinter the amount due thereon, $1,846.70, over and above the claim of Darragh & Co.; and that Darragh & Co. are the legal and equitable owners of said mortgage, and that it is a subsisting lien upon said premises for the full amount of both principal and interest.

The answer admits the making of the deed to Annie P. Darragh, but denies that it was done for any illegal purpose; also admits the commencement of foreclosure proceedings as stated in the bill. Some other matters are also alleged in the answer in reference to the Harrington and Saviers judgments, claiming that the same

have been paid and satisfied, and it denies that Case has a claim for the amount stated in the bill; but, from our view of the case, these matters need not be considered.

Defendants Darragh & Co. aver also in the answer that they have been put to $54.45 costs in the foreclosure, which they have altogether lost by the issuing of the injunction upon the filing of the bill.

Defendants also claim the same rights and benefits under their answer as if they had specially demurred to the bill of complaint, and defendants Darragh & Co. ask that their answer be treated as a cross-bill, and they granted affirmative relief by decreeing to the defendants a foreclosure of the mortgage which is now due, both principal and interest, and that said complainants' levies, if valid, are subject to said mortgage, and that complainants be restricted to their rights as subsequent incumbrancers. Defendants Darragh & Co. also ask personal decree against complainants for the amount of their costs incurred in the foreclosure proceedings, which they have paid, to the sum of $39.45, and $15 attorney's fee provided by the statute, and that complainants' bill be dismissed, with costs.

Defendant Johnson claims that at the time the levies were made by complainants he was living on these premises, and occupying the same as a homestead, and asks that his homestead interest be protected. Replication was filed, and a large amount of testimony taken.

On the hearing in the court below, upon pleadings and proofs, the court dismissed complainants' bill, with costs, but granted no other relief to defendants. Complainants appeal.

From a careful reading and consideration of the testimony taken, which is all returned here, we are satisfied

that the decree entered below did no injustice to the complainants. If any one had cause to complain, it was the defendants Darragh & Co. The court had jurisdiction of the whole subject-matter, and should have decreed foreclosure of the mortgage in the proceedings, as well as have granted the other relief asked by these defendants; but they did not appeal, and the relief cannot be granted here.

It must be conceded that the claim of Darragh & Co. had priority of lien over the levies under the complainants' executions, and that it is established as a *bona fide* claim under levy of valid attachment, followed by a levy under the execution levied upon the judgment obtained in that proceeding. Whatever advice Darragh & Co. may have had or what Darragh may have said about the invalidity of the Kinter mortgage could in no sense affect the validity of their execution levy or the priority of their lien.

The only question in dispute, upon the facts, relates to the validity of the mortgage given to Kinter. A great amount of testimony was taken bearing upon that question, but a discussion of it here would not profit the parties to this controversy or any one else. It is purely a question of fact whether Kinter had loaned Johnson the money he claims to have loaned prior to the execution of the mortgage, and whether he loaned him the $300 at the time of its execution, and also agreed to pay the Darragh & Co. claim,—if that was included in the mortgage by Johnson. Kinter and Johnson both testify to the amount loaned before the mortgage was made, and the payment of the $300 at the time of its execution, and as positively assert that the Darragh & Co. claim was included in the mortgage.

Some discrepancies are pointed out in the brief of

counsel in Johnson's testimony, as well as in Kinter's, and great stress is laid upon the fact that Darragh said he believed the mortgage was fraudulent. But, upon a careful reading of all the testimony, we think the complainants have not established the claim in their bill that the mortgage was given without consideration, or that Kinter did not pay to Johnson the amounts he claims both before and at the time of the execution of the mortgage. Neither is the testimony of Darragh contradicted that he paid to Kinter the amount of Kinter's claim when the mortgage was assigned, except by inferences drawn by counsel from the circumstances surrounding the case.

Johnson had the right to prefer Darragh & Co., and put the amount of their claim in the mortgage. It was no fraud upon the other creditors, and, if it was actually made a part of the consideration of the mortgage, Darragh & Co. had the right, when advised of it, to accept its terms, and, doing so, the other creditors whose liens were subsequent to Darragh & Co. have no right to complain.

We do not see how the taking of the deed to Annie P. Darragh affects this controversy, even as a circumstance to throw any suspicion upon the validity of the mortgage.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.